NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANTHONY GENTILE, PETITIONER, v. BOTANY WORSTED MILLS, RESPONDENT.

For the petitioner, *Ely & Ely.*

For the respondent, *Clarence B. Tippett.*

\*　\*　\*　,　\*　\*　\*　\*　\*

The petitioner alleged that he had sustained a hernia by accident while pushing a two-wheeled hand truck loaded with

wool; that he told the foreman who instructed him to see
the doctor when he arrived at eleven A. M. The occurrence
was stated to have taken place at or about eight A. M. that
morning. Petitioner asserts he did not continue his regular
work but waited around, doing a few odd jobs until the
doctor arrived, when he saw him, was examined and was
told he had a hernia; was advised to procure a truss and
claimed he did and returned to work, finishing out the day.
He thereafter worked for another week when he was dis-
charged by the respondent.

The foreman denied knowledge or notice of an accident or
injury as claimed by petitioner, asserted that petitioner told
him about eight A. M. on the morning in question that he felt
a pain in his right side; that the day before, when taking
a bath, he noticed a lump on his side; that the foreman told
him to see the plant doctor on his arrival at eleven A. M.,
which the man did.

Without commenting further on the testimony, I am in-
duced to the conclusion that the petitioner failed to sustain
the burden required in showing a compensable hernia; that
the uncontradicted evidence shows he was on his feet after
this alleged occurrence for at least three hours, working
around and doing odd jobs such as picking up paper and
wool, and assisting in some duties until the doctor came.
There seems not to be the degree of prostration which a real
traumatic hernia would necessarily require.

Proof of accident itself is denied by the foreman, who
gives a history contrary to the petitioner's claim.

There is the further fact that proof shows claimant ap-
peared at an informal hearing, told his story to the referee,
who denied an award on the ground of lack of prostration.

After giving careful consideration to the evidence produced,
and the reasons advanced by the respondent herein for denial
of an award,

\*  \*  \*  \*  \*  \*  \*  \*

HARRY J. GOAS,
*Deputy Commissioner.*